IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CR-17-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TARRELL LESHAUN WILLIAMS | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter came before the Court on May 2, 2022 for an inquiry into the status of counsel. Assistant United States Attorney David Thorneloe appeared for the Government and Assistant Federal Public Defender Emily Jones appeared with Defendant. During the hearing, Ms. Jones made an oral Motion to Withdraw. In addition, following the hearing, the clerk's office received by mail an *ex parte* motion from Defendant seeking new counsel. Doc. 16.

I. Relevant Procedural Background

On February 11, 2022, a criminal complaint was filed against Defendant. Doc. 1.

Defendant made an initial appearance on February 14, 2022, at which time he requested that counsel be appointed for him. His request was allowed and Ms. Jones was appointed to represent Defendant.

1

On March 16, 2022, a Bill of Indictment (Doc. 9) was filed charging Defendant with possessing with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and with possessing a firearm after having been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1).

Defendant was arraigned on March 23, 2022 and trial was scheduled to begin on May 2, 2022.

Defendant subsequently moved to continue the trial, and that motion was granted. See (Docs. 13 & 14). Consequently, this matter is currently scheduled for trial beginning on June 27, 2022.

On April 28, 2022, Ms. Jones filed a Motion for Inquiry into Status of Counsel. Doc. 15. The motion was allowed the following day and a hearing was scheduled for May 2, 2022.

## II. Discussion and Order

At the beginning of the hearing, defense counsel requested that the courtroom and the record be sealed so that the undersigned could receive further information from defense counsel and Defendant in an *ex parte* setting. The request was allowed without objection by the Government, and the courtroom and the record were sealed.

The undersigned then heard from defense counsel, who made an oral Motion to Withdraw. The Court also inquired of Defendant regarding his

2

Case 1:22-cr-00017-MR-WCM    Document 18    Filed 05/03/22    Page 2 of 5

position with regard to the Motion to Withdraw and Ms. Jones' representation of him.[1]

The courtroom and the record were then unsealed. The Government advised that it does not oppose the Motion to Withdraw.

In considering the Motion to Withdraw, the Court has taken into account the following factors: 1) the timeliness of the Motion; 2) the reasons given by defense counsel and Defendant as to why Ms. Jones' representation of Defendant should not continue; and 3) whether the conflict between Defendant and Ms. Jones is so great that it has resulted in a total lack of communication preventing an adequate defense. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988).

With regard to timeliness, it appears that while the relationship between defense counsel and Defendant began on a good footing, it has deteriorated as time has progressed, with both Ms. Jones and Defendant raising concerns recently; the Motion for Inquiry into Status of Counsel was filed on April 28, and the envelope for Defendant's *pro se ex parte motion* was postmarked the next day, April 29. Defendant's deadline for filing pretrial motions has been extended to May 20, 2022 and trial is currently set for June 27, 2022. Under

---

[1] Matters raised during the sealed portion of the hearing are referenced in this Order only to the extent they do not appear to implicate privilege or other confidentiality concerns and are necessary for the memorialization of the Court's ruling.

these circumstances, the Motion to Withdraw is timely. See e.g., United States v. Jennette, 387 Fed. Appx. 303, 307 (4th Cir. 2010) (motion to substitute counsel filed two weeks before sentencing hearing was timely).

With respect to the second factor, defense counsel and Defendant provided reasons during the *ex parte* portion of the hearing they believe Ms. Jones' representation of Defendant should not continue, including that Defendant disagrees with some of Ms. Jones' strategic decisions. However, "[w]hen one 'chooses to have a lawyer manage and present his case,' he cedes 'the power to make binding decisions of trial strategy in many areas.'" United States v. Roof, 10 F.4th 314, 352 (4th Cir. 2021) (quoting Faretta v. California, 422 U.S. 806, 820, 95 S.Ct. 2525 (1975)). Therefore, this factor weighs at least in part against allowing the Motion.

With respect to the third factor, defense counsel advised that, in her opinion, communication with Defendant had broken down completely and that the professional relationship between Ms. Jones and Defendant likely could not be repaired. Defendant expressed similar sentiments and requested that the Motion to Withdraw be allowed. The undersigned notes that Defendant has had a successful professional relationship with at least one attorney in connection with prior legal matters. However, having heard from defense counsel and Defendant, and having observed their interactions personally, the undersigned finds that this factor also weighs in favor of allowing the Motion.

4

Case 1:22-cr-00017-MR-WCM   Document 18   Filed 05/03/22   Page 4 of 5

In sum, the information provided during the hearing indicates that defense counsel and Defendant have met or spoken multiple times regarding this matter. It also appears, though, that their ability to work together has degraded to such an extent that a change of counsel is warranted.

**IT IS THEREFORE ORDERED THAT:**

1. The oral Motion to Withdraw as Counsel is **GRANTED**, and Ms. Jones is hereby **WITHDRAWN** as counsel of record for Defendant. The Federal Defender's Office is **DIRECTED** to assign new counsel for Defendant forthwith.

2. Defendant's Pro Se Ex Parte Motion (Doc. 16) is **DENIED AS MOOT**.

Signed: May 3, 2022

W. Carleton Metcalf
United States Magistrate Judge