IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CR-17-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TARRELL LESHAUN WILLIAMS ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter came before the Court on April 12, 2023 for an inquiry into the status of counsel following the filing of Defendant's *pro se* "Motion to Relieve Counsel" (the "Motion," Doc. 57). The Government was represented by Assistant United States Attorney David Thorneloe. Defendant appeared with his counsel, Jack W. Stewart, Jr.

I. Relevant Procedural Background

On February 11, 2022, a criminal complaint was filed against Defendant. Doc. 1.

Defendant made an initial appearance on February 14, 2022, at which time he requested that counsel be appointed for him. His request was allowed and Assistant Federal Public Defender Emily Jones was assigned to represent Defendant.

On March 16, 2022, a Bill of Indictment (Doc. 9) was filed charging Defendant with possessing with the intent to distribute a controlled substance

1

in violation of 21 U.S.C. § 841(a)(1) ("Count One") and possessing a firearm after having been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1) ("Count Two").

Defendant was arraigned on March 23, 2022 and trial was scheduled for the term beginning on May 2, 2022.

On Defendant's motion, trial was subsequently continued to the term beginning June 27, 2022. Doc. 13, 14.

On April 28, 2022, Ms. Jones filed a Motion for Inquiry into Status of Counsel. Doc. 15.

Her request was granted and a hearing was conducted on May 2, 2022. During that proceeding, Ms. Jones made an oral motion to withdraw. At the conclusion of the hearing, the Court granted Ms. Jones' motion. In addition, following the hearing, the clerk's office received by mail an *ex parte* motion from Defendant seeking new counsel. Doc. 16.

A written order memorializing the Court's ruling was filed the following day. Doc. 18.[1]

On May 5, 2022, Robert Nunley was assigned to represent Defendant.

---

[1] Defendant's *pro se* motion was denied as moot.

On June 10, 2022, Defendant made a second motion to continue his trial. That request was also allowed, and his trial was continued to the August 29, 2022 term. Docs. 19, 20.

On July 19, 2022, a plea agreement and factual basis statement were filed. Docs. 21, 22.[2]

A hearing on Defendant's proposed guilty plea took place on July 27, 2022. During that proceeding, and specifically during the Court's Rule 11 colloquy with Defendant, Defendant maintained that he was not guilty of the subject offense, and his plea was rejected. At the conclusion of the hearing and after Defendant had left the courtroom, Mr. Nunley made an oral motion to withdraw. The Court denied the motion without prejudice at the time.

On July 28, 2022, Mr. Nunley filed a written Motion for Inquiry into Status of Counsel and Motion to Withdraw. Doc. 24. That motion advised, in part, that following the Rule 11 hearing on July 27, Defendant told Mr. Nunley "that he feels [Mr. Nunley] does not have his best interests at heart and that he believes [Mr. Nunley] has committed ineffective assistance of counsel" and further that Defendant "did not believe what [Mr. Nunley] told him about the law on double jeopardy or chain of custody . . . ."

---

[2] The plea agreement indicates that it was signed by Defendant himself on July 16, 2022.

A hearing took place on that motion on August 3, 2022, after which the Court granted Mr. Nunley's motion. In a written Order filed the next day, the undersigned noted in part, that "Mr. Nunley believes that he has closely examined the evidence, has fully addressed the legal issues associated with Defendant's case, including those that Defendant himself has raised, and has provided Defendant with his professional opinions about those matters" but that "Defendant, on the other hand, while not questioning Mr. Nunley's abilities or experience, contends that Mr. Nunley has not fully discussed the evidence with Defendant and has not sufficiently addressed legal issues that Defendant believes are important." Doc. 26 at 4-5.

On August 4, 2022, Mr. Stewart was assigned to represent Defendant.

At Defendant's request, trial was continued two additional times, and was ultimately scheduled for the January 4, 2023 term. Docs. 28, 30.

On December 28, 2022, the Government moved to dismiss Count One without prejudice. Doc. 38. That motion was allowed by Order entered on January 6, 2023. Doc. 43.

Trial commenced on January 10, 2022. The following day, January 11, 2023, the jury returned a verdict of guilty on Count Two. Doc. 48.

A draft Presentence Investigation Report was filed on February 23, 2023. Doc. 54. No objections were submitted, and a final report was filed on March 10, 2023. Doc. 55.

On March 28, Defendant's Motion was filed. A hearing on the Motion was noticed for April 12.

## II. The Proceedings on April 12

### A. The Closed Portion of the Hearing

After the case was called, Mr. Stewart requested that the Court hear from Defendant in a closed setting. That request was allowed and the courtroom was closed and the record was sealed.[3]

The Court then heard from Mr. Stewart about the disagreements between himself and Defendant. Mr. Stewart identified two issues he understood were active, both of which pertained to sentencing matters. He also described communications he has had with Defendant as well as discussions he has had with Defendant's family members and the United States probation office.

The Court then heard at length from Defendant. He stated that one of the issues noted by Mr. Stewart was not in dispute, agreed that the second issue was active, and also complained about a pre-trial matter. Toward the end of his remarks, Defendant stated "I don't need another lawyer," or words to that effect. The undersigned inquired further as to whether Defendant was

---

[3] Matters raised during the sealed portion of the hearing are referenced in this Order only to the extent they do not appear to implicate privilege or other confidentiality concerns and are necessary for the memorialization of the Court's ruling.

5

stating that he wished to represent himself. After some discussion, Defendant indicated that he did wish to appear without counsel.

The courtroom and the record were then unsealed.

Because Defendant had not stated in the Motion that he wished to represent himself, but rather had raised this issue for the first time during the hearing, the Court held the matter open and directed Defendant and Mr. Stewart to confer as to whether Defendant did in fact wish to proceed without counsel.

### B. Potential Self-Representation

Subsequently, Mr. Stewart reported that he had concluded his conversation with Defendant, and the case was recalled.

Mr. Stewart advised that the conference between himself and Defendant had been relatively short and had descended into acrimony, and that Defendant did not wish to be represented by counsel.

Therefore, the undersigned conducted an inquiry with Defendant to determine if he had sufficiently invoked his right to self-representation. During that inquiry, the Court advised Defendant of its recommendation that Defendant not attempt to represent himself for the remainder of this case. Defendant acknowledged his understanding. However, he then stated he did not want to be represented by *Mr. Stewart* but, if the Court was able to appoint another attorney for him, he would accept one.

The Court therefore concluded that Defendant had not clearly, knowingly, intelligently, and voluntarily waived his right to counsel and invoked his right to self-representation. See United States v. Hooper, No. 21-4220, 2022 WL 1184181, at *7 (4th Cir. Apr. 21, 2022), cert. denied, 214 L. Ed. 2d 94, 143 S. Ct. 259 (2022) ("given that the right to counsel and the right to self-representation are in tension, the right to counsel is preeminent and hence, the default position" and stating that "a court presumes that a defendant should proceed with counsel absent an unmistakable expression to the contrary by the defendant") (internal quotations and citations omitted).

The undersigned took the remaining issue of whether Mr. Stewart should continue as defense counsel under advisement. This Order now follows.

### III. Legal Standard

In evaluating the Motion, the undersigned has considered the following factors: 1) the timeliness of the Motion; 2) the reasons given as to why counsel's representation of Defendant should not continue; and 3) whether the conflict between Defendant and counsel is so great that it has resulted in a total lack of communication preventing an adequate defense. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988); see also McCracken v. United States, No. 318CR162RJCDSC1, 2021 WL 5018698, at *7 (W.D.N.C. Oct. 28, 2021) ("The substitution or withdrawal of counsel is discretionary and requires consideration of factors including whether a conflict between the attorney and

7

client amounts to a breakdown in communication so great that it prevents an adequate defense.") (citations omitted).

## IV. Discussion

The Motion is timely. The disagreements between Defendant and counsel have arisen recently and Defendant's sentencing hearing has not yet been scheduled.

As for the basis of the disagreements between counsel and Defendant, as discussed, Mr. Stewart cited two objections he understood Defendant had to his continued representation. However, Defendant's statements indicated that one of those issues has been resolved.

Similarly, Defendant cited two objections to Mr. Stewart's continued representation. One of those issues, though, pertained to a pretrial matter that is no longer germane.

With respect to the remaining issue, the crux of Defendant's objection is not that Mr. Stewart has failed to communicate with Defendant, and Mr. Stewart reports communicating recently with Defendant both by letter and in person, and also speaking with Defendant's family. Rather, Defendant objects to the content of the information Mr. Stewart has conveyed, and in particular to legal conclusions Mr. Stewart has reached; based on information Defendant has received from other sources – none of whom appear to be licensed attorneys

– Defendant simply believes that Mr. Stewart's professional opinions are incorrect.

The undersigned expresses no opinion as to whether the subject opinions are accurate but notes that Mr. Stewart states that after Defendant questioned his conclusions, Mr. Stewart conducted an additional review which confirmed their accuracy.

With regard to the extent of the breakdown in communication, while Defendant does not like the conclusions Mr. Stewart has reached about the application of the law to Defendant's matter, it does not appear there has been a total breakdown in communication. Mr. Stewart represented Defendant through trial, has been communicating with Defendant, has not made a motion to withdraw, and states that he is willing to continue representing Defendant through sentencing.

Under these circumstances, the undersigned is not persuaded that a change of counsel is warranted. To the extent problems exist between Defendant and counsel, they stem from Defendant's unwillingness to acknowledge Mr. Stewart's professional opinions which were reached after considered review. See United States v. Muslim, 944 F.3d 154, 166–67 (4th Cir. 2019) (citation omitted) ("It is clear there was a conflict between [counsel] and Defendant. However, Defendant's conduct was a major causative factor."); United States v. Morsley, 64 F.3d 907, 918 (4th Cir. 1995) ("The district court

9

is not compelled to substitute counsel when the defendant's own behavior creates a conflict.").

Further, the history of this case, which includes representation of Defendant by experienced attorneys and Defendant's pattern of complaining about the work each has done, suggests that providing Defendant with yet another attorney would not be productive. See United States v. Smith, 640 F.3d 580, 591 (4th Cir. 2011) ("Even if a breakdown is genuine, after granting one or more substitution motions a court may well decline to grant further motions if it finds that yet another substitution would not remedy the problem.").

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's attempted waiver of his right to counsel and his attempted invocation of his right to self-representation is **DENIED WITHOUT PREJUDICE.** Defendant may renew such a request, provided that he does so following appropriate discussion with his attorney.

2. Defendant's pro se Motion (Doc. 57) seeking the removal of Mr. Stewart as defense counsel is **DENIED**.

Signed: April 20, 2023

W. Carleton Metcalf
United States Magistrate Judge