IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CR-17-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TARRELL LESHAUN WILLIAMS | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter came before the Court on May 10, 2023 on Defendant's "Pro Se Motion to Represent Myself by Right of (sic) Constitutional Rights To Do So" (the "Motion," Doc. 62), which was filed on May 3, 2023. The Government was represented by Special Assistant United States Attorney Annabelle Chambers. Defendant appeared with his counsel, Jack W. Stewart, Jr. This Order memorializes the Court's ruling that was made at the conclusion of the hearing.

I. Relevant Procedural Background

Background concerning previous counsel–related issues in this matter appears in the Court's April 20, 2023 Order, and otherwise in the record, and is not repeated here.

Defendant most recently appeared before the Court on April 12, 2023 for an inquiry into the status of counsel following the filing of Defendant's *pro se* "Motion to Relieve Counsel." As described by the April 20 Order, an oral

request by Defendant to represent himself was denied without prejudice at the time and Defendant's *pro se* request that Mr. Stewart be removed as defense counsel was denied.

II. Discussion

In the instant Motion, Defendant states that he requests "to represent myself pro se on my case as it's my (sic) constitutional right to do so" and that "I (sic) waiver to having court appointed counsel …". Doc. 62 at 1.

During the May 10 hearing, the Government indicated it had no concerns regarding Defendant's competency. Mr. Stewart also stated he had no such concerns.

The Court then conducted an inquiry with Defendant to determine if he had sufficiently invoked his right to self-representation and waived his right to counsel.[1]

Among other things, Defendant was advised of the maximum penalties he faces based on his conviction for a violation of 18 U.S.C. § 922(g)(1), as well as the enhanced penalties he faces if the District Court determines that the Armed Career Criminal Act 18 U.S.C. § 924(e)(1) applies to his case. In that regard, the Government indicated that it believes the enhancement is applicable, and Defendant acknowledged that he understood the Government

---

[1] An inquiry of this nature was also conducted during the April 12, 2023 proceedings.

was taking that position. Defendant also acknowledged receiving a copy of the draft presentence investigation report that has been prepared in this matter. Doc. 54.[2] Defendant was further advised of the Court's recommendation that Defendant not attempt to represent himself for the remainder of this case.

Defendant stated that he understood this information and nonetheless wished to represent himself.

The Government took no position on Defendant's request for self-representation.

The assertion of the right of self-representation must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely. United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (citing Faretta v. California, 422 U.S. 806, 835; United States v. Lorick, 753 F.2d 1295, 1298 (4th Cir.1985); Godinez v. Moran, 509 U.S. 389, 400–01 (1993); United States v. Singleton, 107 F.3d 1091, 1096 (4th Cir.1997); United States v. Lawrence, 605 F.2d 1321, 1325 n. 2 (4th Cir.1979)).

In this case, the undersigned finds that Defendant's request for self-representation meets these requirements. Defendant is aware of how the attorney-client relationship functions, as he has been represented by three

---

[2] Defendant stated that he had not received a copy of the final presentence investigation report (Doc. 55), though Mr. Stewart stated that a copy of the final report had been sent to Defendant. Nonetheless, Mr. Stewart stated that the final report was identical to the draft report.

3

different attorneys during this case. He renewed his request for self-representation after his prior oral request was denied without prejudice and has expressed an understanding of the penalties he faces at sentencing, including the enhanced penalties if the Armed Career Criminal Act is deemed to apply. While his request for self-representation comes after the entry of a jury verdict, Defendant began raising post-trial issues concerning representation after the draft presentence investigation report was prepared, and a sentencing hearing has not yet been scheduled.

The Government took no specific position with regard to standby counsel in this case and Mr. Stewart indicated he did not object to appearing as standby counsel if the Court was inclined to direct him to do so. Defendant stated he did not believe he needed standby counsel.

To the extent Defendant's statement could be construed as an objection to standby counsel, the Court overruled the objection, concluded that standby counsel should be appointed, and designated Mr. Stewart for that purpose.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's request to represent himself is **GRANTED**.

2. Mr. Stewart is **WITHDRAWN** as defense counsel but is **APPOINTED** as standby counsel for Defendant.

Signed: May 10, 2023

W. Carleton Metcalf
United States Magistrate Judge